UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHELLE A. ENGEL,

    Plaintiff,

v.                                            Case No. 17-cv-572-pp

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

On April 21, 2017, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying her claim for supplemental security income and disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The Clerk of Courts reassigned the case to this court following Chief Judge William C. Griesbach's order of recusal. Dkt. No. 5.

In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i). According to her affidavit, although employed, the plaintiff earns $500 each month. She is not married, but provides support for a minor child "as needed." Dkt. No. 2 at 1. In addition, she receives

approximately $1,300 a month in assistance from her parents. Id. at 2. The plaintiff does not own a car, but uses one owned by her parents. The plaintiff's expenses include $419.77 for rent, $100 for credit card payments, $350 for household expenses, $290 for car insurance and gasoline, and $180 for utilities. Id. at 2-3. Based on the facts presented in the affidavit, the court concludes that the plaintiff does not have the ability to pay the filing fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In her complaint, the plaintiff indicates that she received the Notice of Decision on February 2, 2016, and the Notice of Appeals Council Action on March 3, 2017. Dkt. 1 at 3. She alleges that she was disabled during the relevant time period, and that the Commissioner's unfavorable conclusions and findings of fact are not supported by substantial evidence and/or are contrary to law. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit.

The court **GRANTS** the plaintiff's motion for more leave to proceed without prepayment of the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 23rd day of June, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**